Mejia v St. Barnabas Hosp. (2025 NY Slip Op 00051)

Mejia v St. Barnabas Hosp.

2025 NY Slip Op 00051

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, JJ. 

Index No. 28364/19 Appeal No. 3423 Case No. 2024-00056 

[*1]Juan Mejia, Plaintiff-Appellant,
v
St. Barnabas Hospital, et al., Defendants-Respondents, Katrina Hutton D.O., et al., Defendants.

McMahon & McCarthy, Bronx (Daniel C. Murphy of counsel), for appellant.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains (Samantha E. Quinn of counsel), for respondents.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about December 8, 2023, which, to the extent appealed from, denied plaintiff's motion for summary judgment on the issue of liability against defendants St. Barnabas Hospital and David Braunstein, M.D., unanimously affirmed, without costs.
Plaintiff satisfied its prima facie burden of establishing that defendants departed from the standard of care and that the departure was a proximate cause of plaintiff's claimed injuries by submitting medical records, expert opinions, and the testimony of defendant David Braunstein, M.D., who interpreted plaintiff's x-rays. Dr. Braunstein admitted to "missing" plaintiff's dislocated right thumb on x-rays performed during plaintiff's emergency visits to St. Barnabas Hospital on May 9 and May 16, 2018 (see Dallas-Stephenson v Waisman, 39 AD3d 303, 306-307 [1st Dept 2007]).
In opposition, defendants created a triable issue of fact on proximate cause by submitting the opinion of their expert John H. Buckner, M.D., a board-certified orthopedic surgeon (see J.G. v St. Luke's-Roosevelt Hosp. Ctr., 213 AD3d 412, 413 [1st Dept 2023]). Dr. Buckner disputed the expert opinion of plaintiff's treating physician, Louis C. Rose, M.D., who opined that a dislocated thumb must be reduced in 7 to 10 days or it can result in restricted blood supply, contracted ligaments, damage to cartilage, and interposition of soft tissues and bone. According to Dr. Buckner, the joint is divested of its blood supply upon dislocation and there would be no change in outcome regardless of when the reduction is performed.
That Dr. Rose waited over two months between taking x-rays on June 5, 2018, about a month post-injury, and performing an open reduction in August 2018, three months post-injury, undermines his opinion that the delay in treatment stemming from defendants' failure to diagnose the dislocation was a proximate cause of plaintiff's claimed injuries. The delay in performing the reduction also reinforces Dr. Buckner's opinion that plaintiff's treatment of wearing a splint and scheduling an MRI would have been the same even if plaintiff's dislocated thumb had been diagnosed on May 9 or May 16. Contrary to plaintiff's contention, the equivocal testimony of defendant Paul Beyer,
D.O. does not contradict this point.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025